WALSH CONSTRUCTION Co. et al. *v.* DAVIS et al.

In Banc. Dec. 13, 1948.

(37 So. (2d) 757)

Joe E. Brown, United States Attorney, and Swep S. Taylor, Assistant United States Attorney, for appellants.

512

514

518

**D. E. Breland, Dixon L. Pyles,** and **B. B. McLendon,** for appellees.

526

**Smith, J.**

Suit was filed in this case by appellees against appellants on March 17, 1946, in the Circuit Court of the First Judicial District of Hinds County. It was transferred to the chancery court, where final decree was entered on October 17, 1947, in favor of appellees, including an allowance for attorney's fees and clerical and accounting services. From that decree, the cause is appealed here.

Cross-appeal was taken by the attorney for appellees as to the amount allowed for attorney's fees, he having filed in the case a proper assignment by appellees covering his fees, and having the right, therefore, to cross-appeal.

Since the proof, in our judgment, is overwhelming that both defendants were doing business in this State, as contemplated by our statutes and decisions, we do not deem it necessary to discuss that issue, or review the facts embraced in the four large volumes comprising the transcripts of the record in the case. We have very carefully considered the entire record, and all the arguments, however.

We, therefore, pass to the question of whether the Federal Public Housing Corporation was suable, and in the Mississippi Courts. The suit was brought under the Contract Settlement Act of 1944, 41 U. S. C. A. Sec. 101 et seq., and it is admitted that the contract, on which this suit was based, was subject to the terms of that Act. Under its Section 113, it is expressly provided that if the contracting agency is a corporation "controlled by the United States the suit shall be brought against such corporation in any court of competent jurisdiction in accordance with existing law." In December 1945, the Government Corporation Control Act, 31 U. S. C. A. Sec. et seq., was passed. By Sec. 846 thereof, it was enacted that the corporations included in the term " 'wholly owned Government corporation' means the . . . Federal Public Housing Authority . . ." and others therein mentioned. See National Housing Agency v. Orton, Tex. Civ. App., 202 S. W. (2d) 243. We, therefore, conclude that the Federal Public Housing Authority was suable, and that the circuit and chancery courts of the State of Mississippi, in both of which this case appeared, were courts of "competent jurisdiction" to adjudicate the litigation.

This case involved a long series of preliminary preparatory steps,—study, numerous trips to Washington and Atlanta, seeking desired interviews with appellants, hard work, study and skill. The litigation was in two courts, involved proceedings before a master in the chancery court, including contested exceptions to his report, the litigation itself extending over a period of

approximately eighteen months of activity. A large amount of money was involved; the collection and collation of a great amount of evidence was necessary; filling out of numerous complicated Federal forms had to be correctly done; a large number of witnesses and a mass of documentary proof had to be produced in the trial, in an orderly and understandable sequence; involved and complex Federal Status and Executive or Presidential Decrees or Directives had to be studied and mastered; and also the multiple pleadings in the case, and briefs and arguments during the progress of the case through the lower court were no simple matter. The master first allowed an attorney's fee of $13,748, which upon sustained exceptions thereto, the chancellor reduced to $6,000. In this, we think he was in error.

He refused to allow any compensation for the successful collection by the attorneys for appellee of three payments from appellants, which appellants contend were "voluntary settlements," for which no attorney's fees were allowable. These collections were dominated "partial payments" by the master, and we think correctly so.

Sec. 106, Title 41 U. S. C. A., subsection (d) governing allowable costs, in Par. (3), lists among them: "reasonable accounting, legal, clerical, and other costs and expenses incident to termination and settlement" of terminated war contracts, which is the type of contract before us.

The partial payments were three, $15,000; $5,250; and $21,648; respectively, totaling $41,898. The chancellor, as stated, refused to take them into consideration when fixing attorney's fees, apparently on the theory they were voluntary settlements, on which such fees would not be allowable. These collections, it is manifest from the evidence, were due to the persistent efforts of appellees' attorneys. On reference to Vol. 39 Words and Phrases, Perm. Ed., under the Title "Settlement or Compromise" it will be disclosed that "settlement" means just that,

and partial payments do not settle an entire claim, where, as here, suit was brought for the unsettled portion thereof. Certainly, the reluctance with which these payments were made cannot be characterized as voluntary.

The Hinds County Bar Association, as shown by the record, has fixed a minimum fee of 10% applicable to collections, and if we euphemistically call the partial payments mere collections, appellees should have been allowed 10% thereof. Since the chancellor did not do so, we reverse the decree as to such allowance, add $4,-189.80 to the $6,000, approved in the final decree, and render judgment here for $10,189.80 as attorney's fees.

In view of what we have said above, we affirm the decree of chancery court on direct appeal, but reverse it on cross-appeal, and render judgment in the amount of $10,189.80 for cross-appellant, as reasonable attorney's fees.

Affirmed on direct appeal; reversed on cross-appeal, and judgment here for cross-appellant.